**CABELL'S, Inc., Relator,**

v.

**Paul PEURIFOY, Judge, et al., Respondents.**

**No. 15088.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 27, 1956.

Touchstone & Bernays and Porter Johnston, Dallas, for relator.

Carter, Gallagher, Jones & Magee and Ben T. Warder, Jr., Dallas, for respondents.

YOUNG, Justice.

This is an original application for Writ of Mandamus, Art. 1824, V.A.C.S. On trial to the merits of Cause 91873A/E, styled Paul Short v. Cabell's, Inc., and jury answers to certain of the issues submitted, Respondent Judge Peurifoy had declared a mistrial; concluding that said jury answers were incomplete, and insufficient to support a defendant's judgment. Conversely, Relator alleges that on basis of said jury answers it was entitled to judgment, accompanying said petition with transcript of the proceedings; and prays for a writ requiring the trial judge to set aside the order of mistrial and to perform his ministerial duty under the law of rendering judgment in its favor.

The suit of Paul Short was for damages on account of personal injuries suffered by his wife, Bessa Short; the facts leading up to the injuries being practically undisputed, according to pleading of both plaintiff and defendant. Cabell's, Inc., operates a chain of drive-in grocery stores in the City of

Dallas, with one located at intersection of Lemmon Avenue and Lombardy Lane. On afternoon of March 19, 1954 Mrs. Short went to said premises of defendant for sundry purchases, when an automobile suddenly moved forward, over "a slight curb" (as plaintiff avers), and on into the store, striking Mrs. Short, knocking her to the floor and causing the injuries complained of. It appears that another patron, a Mrs. Record, coming up to defendant's premises, had alighted, leaving her car engine running and unattended except for an eleven-year-old son, whose conduct in some way had caused the vehicle to move forward with the described untoward results.

Plaintiff Short in amended original petition had charged defendant Company with acts of negligence proximately causing injury, viz.: In "(a) Failing to have a deeper curb line in front of its business operation; (b) failing to have a more abrupt curb line in front of its business operation; (c) failing to erect a 'crash-bar' in front of its business operation." Defendant's answer, relevant thereto, had alleged in part that: "(1) The acts of the third party in leaving her car with engine running so that her 11 year old son could have access to it as the sole proximate cause, or alternatively her son's conduct as the sole proximate cause. (2) Said actions of third person or persons, were a new and independent cause. (3) The condition of the premises was open and obvious and as well known to plaintiff's wife as to Relator and she voluntarily incurred whatever risk she was subjected to. (4) That the accident was unavoidable."

After introduction of plaintiff's evidence, Relator-defendant had filed motion for instructed verdict, likewise at close of all testimony (overruled by the court), urging among other things the insufficiency of evidence to raise issues of any negligence on part of Cabell's, Inc., proximately causing injury to plaintiff's wife; and of no showing that defendant knew or had notice of any dangerous condition, but that the reverse was true.

Of the eleven special issues submitted by the court, the following questions and answers are pertinent to Relator's petition for mandatory relief: No. 1: "Do you find from a preponderance of the evidence that defendant Cabell's, Inc. failed to have a curb of such depth as an ordinary and prudent person would have maintained under the same or similar circumstances? * * * Answer: No." No. 3: "Do you find from a preponderance of the evidence that defendant Cabell's Inc. failed to maintain a curb of such abruptness as an ordinary and prudent person would have maintained under the same or similar circumstances? * * * Answer: No." No. 5: Do you find from a preponderance of the evidence that the failure of defendant Cabell's, Inc. to have a crash-bar situated in front of its store constituted negligence, as that term is hereinbefore defined to you? * * * Answer ———. If you have answered the preceding issue 'Yes' and in that event only, then answer the following issue." No. 6: "Do you find from a preponderance of the evidence that such failure, if you have so found in answer to the preceding issue, was a proximate cause of the collision in question? * * * Answer ———." No. 8: "Do you find from a preponderance of the evidence that the condition of the curb and sidewalk in front of Cabell's store was open and obvious to Mrs. Short? * * * Answer: Yes.". No. 9: "Do you find from a preponderance of the evidence that Mrs. Short voluntarily exposed herself to the condition, if any, referred to in the foregoing Special Issue No. 8? * * * Answer: Yes."

Jury answer to Issue No. 7 found that the occurrence "was not an unavoidable accident"; and further unanswered was Issue 10 of whether the action of a young boy was not the sole proximate cause of the accident in question. Relator thereafter filed motion for judgment on the jury answers, and alternatively for judgment non obstante veredicto, both overruled by the court with new trial granted on grounds hereinabove stated.

■ In this character of proceeding we must view above issues in the light of the case made by the pleading in a determina-

tion of whether the trial court has refused to enter judgment on a verdict of special issues covering all facts necessary thereto; assuming that evidence justified the submission of all issues contained in the court's charge. Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Leonard v. Young, Tex. Civ.App., 186 S.W.2d 81. In this connection, plaintiff had alleged actual knowledge by Relator or, in the alternative, constructive knowledge of the fact that the curb in question afforded no protection for patrons in its store. Likewise, the duty imposed upon Relator under said pleadings and issues submitted, is stated in Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 62, viz.: "Accepting then the status of the plaintiff at the time and place of his injury as that of business invitee, the defendant owed him a duty to use reasonable care to make and keep the premises reasonably safe for his use, including the duty to warn him of dangers which were not obvious, reasonably apparent or as well known to the plaintiff as they were to the defendant."

In contending for relief by mandamus, Relator says that since the jury has absolved it of negligence in the height and abruptness of its curbing, and since it is undisputed from face of the pleading that the sudden and unexpected movement of an automobile by an eleven-year-old boy, whose mother had left the car motor running, caused the accident, "the trial court had a verdict covering all the facts necessary for judgment for Relator"; that defendant was not bound to anticipate the negligence or illegal acts of third persons, and City of Dallas v. Maxwell, Tex.Com. App., 248 S.W. 667, 27 A.L.R. 927, is cited as controlling. There the complainant's automobile becoming unmanageable (defective steering gear), she was injured by its movement over the sidewalk and down an embankment. The City had been convicted of negligence in failing to erect a barrier at the point; the court holding that loss of control of an animal or machine, which also causes an injury, is in nature of the extraordinary and unforeseeable; lack

of a barrier being merely a "fortuitous condition."

 Respondent's "crash-bar" issue was but one of the several grounds of negligence pled by him, to all of which the above argument might conceivably apply; a matter not reviewable at this juncture. Suffice it to say that: (1) Whether a certain result could and should have been anticipated from a given act or omission, is usually one of fact for the jury; and here we must assume the sufficiency of evidence for submission of proximate cause as ancillary to issue No. 5 (crash-bar); (2) on the other hand, applicable to Relator's position here is the principle followed in Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368, syl. 1: "To accord each party a fair trial, the theories of each party must be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence."

 Nor were the jury answers concerning the open and obvious condition of Relator's curbing and sidewalk, and that Mrs. Short voluntarily exposed herself thereto, at all conclusive of contributory negligence on her part. The doctrine of volenti non fit injuria is thus invoked—a defensive issue—and predicated upon the theory of knowledge and appreciation of given conditions; Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172. It is settled law that as between an owner of premises and a business invitee, no liability exists for injury to the latter, when conditions causing the injury, or such hazards as were thus presented, " 'are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant.' " Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497, 500. But the term "open and obvious" envisages knowledge and appreciation by the injured party of the hazard confronted. Triangle Motors of Dallas v. Richmond, supra; and Respondent objected to the

submission of issue No. 8 on such ground. It would appear, therefore, that said defensive issue is either inconclusive or at least must require a consideration of the record for determination of the applicability and controlling effect of the cases principally relied on by Relator for relief by mandamus. Robert E. McKee, General Contractor v. Patterson, Tex., 271 S.W.2d 391, and Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

Writ denied.