Richard M. MOREHEAD, Appellant,

v.

H. E. BUTT GROCERY COMPANY, Appellee.

No. 10726.

Court of Civil Appeals of Texas.

Austin.

March 2, 1960.

Rehearing Denied March 30, 1960.

Powell, Rauhut, McGinnis & Reavley, Wayland C. Rivers, Jr., Austin, for appellant.

Looney, Clark, Mathews, Thomas & Harris, James H. Keahey, Austin, for appellee.

GRAY, Justice.

This appeal is from a summary judgment rendered in a slip and fall case.

Appellant, Richard M. Morehead, sued appellee, H. E. Butt Grocery Company, for damages for personal injuries sustained by him when he fell in the exit, or entrance, to appellee's parking lot which lot appellee maintained for the use of customers of its store.

Appellant alleged that appellee owned and operated a grocery store located at the corner of 14th and San Jacinto Streets in the City of Austin and that across the street and south from said store appellee maintained a parking lot for the use of its customers. He alleged that on February 23, 1957, he went to purchase groceries at appellee's store and parked his car in the lot designated by a sign as a parking lot for customers of the store; that in walking from the parking lot toward the store he walked upon the only exit, or entrance, available which was the driveway upon which there was a collection of rocks and debris; that his feet struck said rocks and debris, that he fell and sustained injuries. He alleged that the fall was not caused by his own fault or neglect but that appellee knew or should have known, by the exercise of reasonable care and prudence for the safety of its customers, that the driveway was dangerous and likely to cause injury to someone, and that the danger was unknown to him. He alleged that his fall was proximately caused by the negligence of appellee in failing to: provide a level walkway from its parking lot to its store; provide a reasonably safe walkway from and to the parking lot; maintain the entrance and exit of the parking lot in a reasonably safe condition for pedestrian customers; keep the walkway to and from its parking lot free from the accumulation of rocks and debris; and further alleged that appellee was negligent in maintaining the walkway to and from its parking lot in a dangerous condition.

Appellee answered by a general denial and then filed its motion for a summary judgment. Attached to this motion was the affidavit of the manager of the store. This affidavit, after stating affiant's name and age and that he had full knowledge of the facts set forth, states:

"On February 23, 1957, I was manager of the H. E. Butt Grocery Company store located at the corner of San Jacinto and Fourteenth Street in Austin, Texas. I was and am well acquainted with the condition of Fourteenth Street, the parking lot on the southeast corner of Fourteenth Street and San Jacinto, and the two concrete driveways leading from the parking

lot. At that time, as now, Fourteenth Street was unpaved and covered with loose rocks and gravel. The cars driving into the parking lot from Fourteenth Street continually knocked some of the loose stones from the street onto the driveways. This is plainly apparent to the most casual passer-by.

"At that time, as now, the parking lot was paved with asphalt, topped with loose gravel. The cars driving from the parking lot onto Fourteenth Street continually knocked some of the loose gravel from the lot onto the driveways. This, too, was and is plainly apparent.

"Each driveway was and is approximately 21.5 feet long; in that length, each drops approximately 8 inches, or, each slants at an angle of 1° 48' degrees. Both are made of concrete with a rough, rather than smooth, finish.

"There were and are no obstructions to the view of either driveway of one walking out of or into the parking lot."

Appellant answered the motion for summary judgment and attached his affidavit. This affidavit states:

"About noon on February 23, 1957, I parked my automobile in Defendant's parking lot located at the Southeast corner of 14th and San Jacinto Streets in Austin, Travis County, Texas for the purpose of entering Defendant's store located across 14th Street from the parking lot and purchasing therein several items which are for sale to the public in that store. I alighted from my automobile and sought to make my exist from Defendant's parking lot by means of one of the two concrete driveways leading from the parking lot into 14th Street. These driveways were the only open and reasonable exits available to me, inasmuch as the lot is completely curbed by a wall ranging in height from approximately six inches to approximately three feet.

"As I approached the driveways, and before I fell, I was not aware of the presence of rocks, gravel or debris on either of these driveways, nor of the danger inherent in my crossing these driveways.

"4. I would further state that the presence of rocks, gravel or debris upon these driveways was not a plainly apparent danger to anyone walking from the parking lot into 14th Street. However, because of the slant of the driveway and the rocks, I know now that this was a dangerous place upon which to walk."

The provisions of sec. (c) of Rule 166-A, Texas Rules of Civil Procedure, are applicable to the question presented. That section in part provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In the case before us only the pleadings and the affidavits supra were before the trial court.

It is the opinion of the majority that under the undisputed facts the conditions on which appellant builds his case of negligence were open and obvious to an adult person exercising ordinary care.

The accident occurred in broad daylight. The driveway and its slant were obvious as well as the rocks and debris on it. This is not a case of hidden defects, traps, concealment or insufficient lighting.

The affidavits of the parties do not deny that the slant of the driveway and the rocks and debris on it were open and obvious but only that appellant was not aware

that the presence of the debris on the driveway "was not a plainly apparent danger."

■ It is our opinion that appellant, as a matter of law, should have known and appreciated the danger of walking down an incline partially covered with rocks and debris, all of which were plainly in view.

■ We believe it to be a matter of common knowledge that walking down an incline under the circumstances shown is hazardous.

■ We affirm the judgment of the Trial Court.

I do not agree with the conclusion reached by the majority and will now state the reasons for my dissent.

In Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, the court considered Rule 166–A, supra, and there said:

"The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * * * 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' * * *

" 'In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the

motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.' * * *

"The general rule is that if a motion involves the credibility of affiants · or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted." Authorities cited.

In Smith v. Bolin, 153 Tex. 486, 271 S.W. 2d 93, it is said that the court must view the evidence in the light most favorable to the party defending against a motion for summary judgment, disregard conflicts in the testimony and indulge in favor of said defending party every intendment reasonably deducible from the evidence.

Here there is no controversy as to the status of appellant being that of a business invitee on appellee's premises.

"Accepting then the status of the plaintiff at the time and place of his injury as that of business invitee, the defendant owed him a duty to use reasonable care to make and keep the premises reasonably safe for his use, including the duty to warn him of dangers which were not obvious, reasonably apparent or as well known to the plaintiff as they were to the defendant." Authorities cited. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 62.

The affidavit of appellee's manager explains how the rocks and debris got on the walkway but it does not say that any degree of care was used to keep the premises safe. It nowhere says that the premises were in fact safe for use in the condition they were in but says only that rocks and gravel were continually knocked on the driveways and that this was plainly apparent. There is nothing in the record to suggest any warning to appellant and others and nothing to show that the danger was known to appellant or that by his

prior use of the walkway he thereby had the opportunity to observe its condition. Then the only remaining factual question is: Was the danger obvious and reasonably apparent? Or, as sometimes stated: Was the danger "open or obvious to a person exercising ordinary care." See Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 375. There the court said:

"The mere fact that Mrs. Adair slipped and fell does not establish the bank's liability; there must be evidence showing that in some way the bank was at fault and that its fault was a cause of the injury. Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Wells v. Texas Pacific Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660. The bank owed a duty to Mrs. Adair, as a business invitee, to protect her against conditions of the premises which would involve an unreasonable risk to her safety, the danger of which would not be open or obvious to a person exercising ordinary care."

The affidavit of appellee's store manager states that he was familiar with the parking lot, the adjoining streets and the driveway and that cars continually knocked rocks from the street, and gravel from the lot, onto the driveway and states his conclusion that this condition "was plainly apparent to the most casual passer-by." Regardless of the weight that might be given to this conclusion if standing alone it is disputed and contradicted by the conclusion of appellant (which is of equal dignity) that the rocks and debris on the driveway "was not a plainly apparent danger to anyone walking from the parking lot into 14th Street." This conflict then eliminates the statements from consideration by the trial court and here. Gulbenkian v. Penn, supra.

When appellee parked his car he had the right to use the walkway provided for his use in going to appellee's store. He then had the right to presume that the walkway was kept in a safe condition for his use

and was under no obligation to search out defects therein. Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357. However he was bound to exercise ordinary care for his own safety and thereby avoid open and apparent dangers. Applying the test as announced in Gulbenkian v. Penn, supra, to the record before us it cannot be said as a matter of law that a reasonably prudent person, under the same or similar circumstances, would not have acted as appellant did. Neither can it be said as a matter of law that the dangers present on the walkway was open or obvious. This for the reason that "the term 'open and obvious' envisages knowledge and appreciation by the injured party of the hazard confronted." Cabells, Inc. v. Peurifoy, Tex.Civ.App., 287 S.W.2d 283, 286.

By the affidavits supra appellees asserted and appellant denied that the presence of rocks and gravel on the driveway was plainly apparent. For the purpose only of analyzing the facts before us I will disregard the conflict in the affidavits and say that rocks and gravel on a walkway would ordinarily be open and obvious to a person using ordinary care for his own safety. This however would not completely answer the question presented. Appellant's allegations of appellee's negligence proximately causing his injuries are not limited solely to the presence of rocks and debris on the walkway. Of the five allegations of negligence supra only one refers to the accumulation of rocks and debris although such accumulation is by the pleadings made a pertinent inquiry as to the others. Appellant alleged that appellee was negligent in failing to provide a level walkway from its parking lot to its store. In his affidavit he states that because of the slant of the driveway and the rocks it was a dangerous place upon which to walk. Appellee's supporting affidavit sets out the slope, the dimensions and the finish of the walkway but it does not say that these conditions were plainly apparent. Actually it does no more than to say that the presence of rocks on the driveway was plainly apparent and accounts

for how they got there. The presence of rocks and gravel on the driveway is not a controverted issue but whether their presence was an open or obvious condition under all of appellant's allegations of appellee's negligence, their presence together with other alleged conditions were controverted issues. At most the conflict in the affidavits on this issue involved the credibility and weight of the affidavits and eliminates their consideration. Appellee has failed to discharge the burden it assumed by its motion for summary judgment.

As a pertinent illustration I will take for an example appellant's allegation that appellee was negligent in failing to provide a level walkway from its parking lot to its store. Appellee's affidavit gives the slope of this driveway and appellant says this "slant" with the presence of rocks on it made it a dangerous place upon which to walk. In testing this summary judgment against appellant this statement by him must be accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286, 4 Tex.Jur.2d p. 347, Sec. 813. It cannot be said as a matter of law that this combination was an open or obvious condition and requires that the doubt be resolved against the motion.

I think that the often used expression to the effect that in determining a motion for summary judgment the trial court's duty is similar to his duty in determining a motion for an instructed verdict is confusing to litigants, lawyers and trial courts and often results in a trial on affidavits which involve no more than grounds of inferences. By this statement I do not mean that the duties of the trial court in each instance are not similar but to say only that such duties apply to different situations. In Mellette v. Hudstan Oil Corp., Tex.Civ.App., 243 S.W. 2d 438, 440, er. ref., n. r. e., the court said:

"A motion for a summary judgment involves an application of law to the facts established as a matter of law; a judgment entered on an instructed verdict involves the application of law to the facts."

In 41–B Tex.Jur. p. 202, Sec. 172, it is said:

"* * * it may be stated that a directed verdict may be grounded either on matter of law, disregarding all or any evidence, or on lack of some necessary evidence, or on the legal insufficiency of such evidence as there is to go to the jury."

In any event a directed verdict is proper only after a party has been afforded the opportunity of a trial before a jury and Rule 268, Texas Rules of Civil Procedure, provides its requirements.

I would reverse and remand this cause. However it is the judgment of the majority that the judgment of the trial court be and it is affirmed.

Affirmed.