**Louis J. JOSEPH, Sr., Appellant,**

v.

**JET AIR FREIGHT CORPORATION and
S. M. B. Stage Lines, Inc., Appellees.**

No. 5113.

Court of Civil Appeals of Texas,
Waco.

March 30, 1972.

Rehearing Denied May 4, 1972.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ben Warder, Jr., Dallas, for appellant.

Touchstone, Bernays & Johnston, Richard E. Green, Porter Johnston, Jr., Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Joseph from judgment that he take nothing, rendered upon an instructed verdict, in a slip and fall case.

Plaintiff Joseph sued defendants Jet Air and SMB, alleging he sustained serious in-

jury when he tripped and fell using a portable stairway to descend from a warehouse loading dock to parking lot level; that defendants were tenants in the warehouse building; that on the day of injury plaintiff had gone to defendant Jet Air's office to secure a package shipped through them; that he looked for a way to ascend the dock to go into defendant's premises and discovered a portable three-tread wooden stairway located in front of the portion of the warehouse occupied by defendant SMB (which was next to defendant Jet Air); plaintiff thought this the only means of ingress and egress as concrete handrail stairways at each end of the building were obscured by vehicles backed up to the dock. Plaintiff completed his business with defendant Jet Air and walked out onto the dock and down the wooden stairs, and tripped and fell from the lower tread to the pavement, sustaining injury.

Plaintiff plead defendants negligent in not displaying a sign directing customers to the handrailed stairways; in permitting the wooden portable stairway to be situated on the dock; in failing to warn customers not to use the wooden stairway; and in failing to warn customers that the treads of the wooden stairway were not of uniform design. Plaintiff sought $25,000 damages for his injuries.

Defendant Jet Air answered it did not construct or put into position the portable stairway; that plaintiff's petition fails to allege facts upon which a legal duty is owed or breached by defendant; that plaintiff failed to keep a proper lookout; and that plaintiff knew and appreciated any risk attendant to using the steps, and voluntarily incurred such risk by using the steps.

Trial was to a jury. At the conclusion of plaintiff's evidence defendant Jet Air moved for instructed verdict asserting: 1) There is no evidence that Jet Air violated any duty owed plaintiff; 2) There is no evidence Jet Air made or placed the steps; 3) There is no evidence Jet Air had any legal duty to move or alter the steps, or to provide warning to plaintiff; 4) There is no evidence the steps constituted extra hazardous conditions on the premises, and no evidence Jet Air knew the steps were extra hazardous.

The trial court granted such motion, instructed the jury to return verdict for defendant Jet Air, and entered judgment that plaintiff take nothing. (Plaintiff thereafter took a nonsuit against defendant SMB.)

Plaintiff appeals contending the trial court erred in granting instructed verdict because:

1) The evidence raises a fact question concerning violation of a duty owed by defendant, as an occupier of premises, to plaintiff, a business invitee.

2) The evidence raises a fact question concerning the negligence of defendant as an occupier of the premises.

3) The evidence raises a fact question as to whether defendant's conduct was a proximate cause of plaintiff's injuries.

Defendant and other air-freight businesses occupied separate spaces as tenants in a warehouse building near Love Field in Dallas. A loading dock four or five feet above the parking level ran the length of the building. Concrete handrail stairways at each end of the dock, and a portable three-step wooden stairway on the front center of the dock, served as means of ingress and egress to the tenants of the warehouse.

Plaintiff, who had been to the premises one time before, on November 24, 1969, drove to defendant's place of business with a business associate, to pick up a parcel shipped by defendant. Plaintiff parked in the parking area, did not notice the handrail stairway, and used the portable wooden stairway to go to defendant's office. Plaintiff used the steps in leaving the dock to go to the parking lot. When stepping off the last step the heel of his right foot caught on the edge of the last step causing him to fall to the concrete parking pavement and

injuring him. Plaintiff saw no signs indicating existence of the handrail stairway, nor any sign informing him not to use the wooden stairway. The wooden stairway was of 3 steps; the distance to the first steps was 14 inches, and 9½ inches to the others; the depth of the first step was 18½ inches; the second 11 inches, the third 18 inches. The steps were of makeshift homemade construction, were not built in accordance with requirements of the City of Dallas Building Code, the treads were not of the same depth, the risers were not uniform, and the witness Hall, an architect, testified such variations would cause a user to break his pace and miss his beat.

Defendant's manager testified he had tripped or fallen on the steps a couple of times; and asked the manager of SMB (whom he thought had placed the steps) to remove them; and also asked the landlord of the building to remove the steps.

Five freight forwarding businesses occupy the building as tenants. Defendant occupies a space in the middle of the building next to SMB, in front of which the wooden steps were located. All tenants and their customers use the dock in front of all five businesses. The manager of SMB testified he did not know when the wooden steps first appeared on the premises or who placed them. He heard a customer of one of the other businesses in the warehouse had tripped on the steps previously. There were no signs not to use the steps, and no signs directing customers to use the handrail steps. Most people used the portable steps; he used them and considered them centrally located for the entire premises.

■ The occupier of premises has a duty to keep his premises in a reasonably safe condition for business invitees. This includes a duty to inspect and discover dangerous conditions. But no duty is owed to the invitee if he knew of the danger and appreciated it, or if the danger was so apparent the law would charge him with knowledge and appreciation. Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368.

Jet Air's manager had fallen on the steps, knew of the danger, and had requested SMB and the landlord to remove the steps. The danger was not open and obvious as it resulted from a defect in the construction of the steps in that the treads were not of the same depth. Plaintiff's one prior visit to defendant's office would be insufficient to charge plaintiff with knowledge or appreciation of the danger, and would at most raise a question of fact for the jury. Wesson v. Gillespie, Tex., 382 S.W.2d 921; Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60.

■ And the occupier of premises owes a duty to warn. If there are dangers which are not open and obvious he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom, or to warn them thereof. Western Auto Supply Co., v. Campbell, Tex., 373 S.W.2d 735. Defendant did not warn. It could have placed a sign indicating existence of the handrailed stairway, or advised that the portable wooden stairway was unsafe.

■ And an occupier of premises duty, extends beyond the rented premises to the entrances into and exits from such premises. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Parking Inc., v. Dalrymple, Tex.Civ.App., NWH, 375 S.W. 2d 758.

Moreover an occupier of premises has a duty to warn its customers of hidden hazards upon, or around, or beyond its premises, that it would reasonably expect its customers to use. Chapman v. Parking Inc., Tex.Civ.App., NRE, 329 S.W.2d 439.

In determining the correctness of an instructed verdict we must consider only the evidence favorable to plaintiff, together with all reasonable inferences therefrom. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60; Anderson v. Moore, Tex., 448 S.W.2d 105.

Applying the foregoing to the record, there is evidence that defendant knew the steps were dangerous; there is no evidence that plaintiff knew the steps were dangerous, and there is a fact question as to whether defendant was negligent in failing to warn plaintiff and whether such was a proximate cause of plaintiff's injuries.

Plaintiff's contentions are sustained.

The instructed verdict was improper.

Reversed and remanded.