Ronnie Lee BEATTY, Cathy Lynn Beatty, as Next Friends for Ronnie Lee Beatty, Jr. and James Ray Beatty, Appellants,

v.

ROPER CORPORATION, Appellee.

No. 13–85–056–CV.

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Rehearing Denied Aug. 29, 1986.

J. Thomas Sullivan, Dallas, for appellants.

Timothy Kelley, Dallas, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a judgment that appellants take nothing by their suit for personal injuries in which they alleged products liability and negligence. We affirm the judgment of the trial court.

Appellants brought suit as next friends of their minor sons who were burned by boiling water spilled from a kitchen range manufactured by the appellee, Roper Corporation. The jury found that the range was not defective, defectively designed or defectively manufactured; that Roper Corporation did not fail to comply with UL 858[1] or fail to warn of such noncompliance; and that damages for each of the boys were "zero." Appellants' eight points of error contend that the jury findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. In reviewing these contentions, we must review all of the evidence in the case. *McMillin v. L.D.L.R.*, 645 S.W.2d 836, 839 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

The accident occurred on December 29, 1982, after Cathy Lynn Beatty left spaghetti sauce and boiling water on the front burners of her stove and sat down in the living room to watch the news. Her children, James Beatty, age three, and Ronnie Beatty, Jr., age one and one-half entered the kitchen unattended where, by means unknown, they managed to tip the stove over, spilling the boiling water on themselves and pinning Ronnie under the stove. James received second and third degree burns over 12% of his body and Ronnie received second and third degree burns over 50% of his body.

Appellants' theory was that the stove manufactured by the appellee was unstable and tipped over on the child when one or both of the children stood on the oven door. Appellants alleged that appellee defectively designed and manufactured the range because the oven door could be opened by a small child, the range would tip over with less than 75 pounds on the center of the open oven door and the range operation manual failed to warn of these alleged hazards.

The evidence reveals that the design for this range was certified by Underwriters Laboratory as in compliance with their standards for safety, which include a requirement that the range not tilt with less than 75 pounds placed on the center of the open oven door.

Appellants' expert witness was George Teer, a consulting engineer specializing in failure and damage analysis, who testified that appellants' range was defective. Mr. Teer tested the range in his laboratory by placing weights on the center of the oven door. He testified that the range tilted with only 69 lbs., 8½ oz. applied, rather than the 75 pounds specified in UL 858. Mr. Teer stated that it was "hard to determine if it is defective in design and manufacture because it tilts at seventy pounds

---

1. Underwriters Laboratory safety manual 858 for household ranges, admitted as Plaintiff's Exhibit 17, was not made a part of the record on appeal. According to expert testimony, UL 858 requires that ranges not tip over with less than 75 pounds placed on the center of the open oven door.

... I don't know if that is an inherent design defect or not."

Edwin Dennis, who supervised the design for this range, is the director of advanced engineering in the appliance division of Roper Corporation. He testified that the range was not defective. Mr. Dennis tested the range in appellants' home using a pressure gauge. He testified that the range tilted when 38 pounds of pressure was placed on the edge of the door and that this equated with 74 pounds on the center of the oven door.

Both expert witnesses testified that a number of variables can affect the weight required to tip the range:

1. the thickness of the steel;
2. the thickness of the enamel coating;
3. the flexibility of the floor's surface (Appellants' floor was carpeted at the time of the accident and covered with vinyl asbestos when Mr. Dennis tested the range. The flooring at Mr. Teer's laboratory is not revealed in the evidence.);
4. the deterioration and weight of the insulation binder;
5. the weight and placement of objects on top of the range which shifts the center of gravity (The boiling water and spaghetti sauce on the front burners weighing ten to fifteen pounds, shifted the center of gravity upward and forward.);
6. the location on the oven door of the weight; and
7. the electric cord's connection to the wall.

Appellants had the burden of proving that the range was defectively designed and/or manufactured by Roper Corporation. *Vance v. My Apartment Steak House, Inc.,* 677 S.W.2d 480, 482 (Tex. 1984). The credibility of the witnesses and the weight to be given their testimony are within the sole province of the jury. *Diaz v. Cantu,* 586 S.W.2d 576, 579–80 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.). We will not disturb the findings of the jury unless they are so against the great weight and preponderance of the evidence

as to be manifestly unjust. *Pool v. Ford Motor Co.,* 29 Tex.Sup.Ct.J. 301, —— S.W.2d —— (April 2, 1986); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582 (Tex.App.— Corpus Christi 1982, writ ref'd n.r.e.); CALVERT, No Evidence and Insufficient Evidence Points of Error, 38 Tex.L.Rev. 361 (1960).

We have carefully reviewed the evidence in this case and conclude that the findings of the jury as to liability are not so against the great weight and preponderance of the evidence as to be manifestly unjust. That being dispositive of the appeal, we do not address the issue of damages in points seven and eight. TEX.R.CIV.P. 451. Appellant's points of error one through six are overruled.

The judgment of the trial court is affirmed.