**Dedrick McREYNOLDS, Appellant,**

v.

**FIRST OFFICE MANAGEMENT, A DIVISION OF EQUITY PROPERTY MANAGEMENT CORPORATION, and Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership, an Illinois Limited Partnership, Appellees.**

No. 05–95–01752–CV.

Court of Appeals of Texas, Dallas.

May 30, 1997.

Robert J. Andreotti, David M. Vereeke, David M. Vereeke, P.C., Dallas, for Appellant.

Ronald W. Johnson, Gregory R. Ave, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, Cynthia Hollingsworth, Gardere & Wynne, L.L.P., Dallas, for Appellees.

Before KINKEADE, WRIGHT and BRIDGES, JJ.

1. Appellant also sued Otis Elevator Company. Appellant did not appeal the judgment as to Otis

## OPINION

WRIGHT, Justice.

Dedrick McReynolds appeals from a take-nothing judgment entered in favor of First Office Management and Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership (collectively appellees).[1] Appellant sued appellees for personal injuries following an accident in the freight elevator where he worked. In eight points of error, appellant contends generally: (1) the trial court erred by instructing the jury that appellees owed him only a duty of ordinary care; and (2) the jury's findings of zero damages were against the great weight and preponderance of the evidence. We overrule appellant's points of error and affirm the trial court's judgment.

### Factual and Procedural Background

Appellant worked for Snelling & Snelling. Snelling & Snelling is a tenant in the North Central Plaza III office building. The building was managed by First Office Management. The building was owned by Zell/Merrill Lynch Real Estate. Snelling & Snelling occupied two floors of the office building. As part of his job, appellant transported supplies between the two floors. Appellant was asked to take a box of envelopes to the floor below. Appellant used the freight elevator to take the supplies. As appellant was getting off of the elevator, the door unexpectedly closed on him. The door hit him in the shoulder and knocked him into the door frame.

According to appellant, the impact injured his left jaw. Appellant was diagnosed with a derangement of his left temporomandibular joint (TMJ). Appellant underwent two surgeries, steroid injections, and other treatments. Appellant continues to complain of headaches as well as difficulty speaking and eating.

Appellant sued appellees, alleging he was injured as a result of appellees' negligence. The jury found that appellees' negligence, if any, did not proximately cause appellant's

Elevator Company.

injuries. Based on the jury's findings, the trial court entered a take-nothing judgment in favor of appellees. This appeal followed.

## Jury Instruction

In point of error one, appellant contends the trial court erred in instructing the jury that appellees owed appellant only a duty of ordinary care. Appellant contends that under Texas law, owners and operators of elevators are held to a high degree of care. Thus, according to appellant, the trial court's instruction to the jury holding appellees to the standard of ordinary care was improper. We disagree.

## Standard of Review

We review the trial court's submission of instructions and jury questions under an abuse of discretion standard. *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex.App.—Dallas 1995, writ denied). In deciding whether the trial court abused its discretion when it submitted an instruction, we may not substitute our judgment for the trial court's judgment. We may only decide whether the trial court's action was arbitrary or unreasonable. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970); *European Crossroads'*, 910 S.W.2d at 54.

## Applicable Law

Under the Texas Rules of Civil Procedure, the trial court must, whenever feasible, submit the cause upon broad-form questions and must give proper instructions and definitions to enable the jury to render a verdict. *See* Tex.R. Civ. P. 277; *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 794 (Tex.App.—Dallas 1992, writ denied). The court shall submit questions, instructions, and definitions raised by the pleadings and the evidence. Tex.R. Civ. P. 278.

Explanatory instructions are the tools that aid the jury in rendering a just and proper verdict. The trial court should submit instructions only when it determines that the instructions will help the jury to understand the meaning and effect of the law.

*Texaco, Inc. v. Pennzoil*, 729 S.W.2d 768, 819 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *City of Austin*, 844 S.W.2d at 794. For an instruction to be proper, it must (1) assist the jury, (2) accurately state the law, and (3) find support in the pleadings and the evidence. *See* Tex.R. Civ. P. 278; *European Crossroads'*, 910 S.W.2d at 54. An instruction that misstates the law or misleads the jury is improper. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 89 (Tex.1973); *European Crossroads'*, 910 S.W.2d at 54.

An elevator is an integral part of a building, and an alleged malfunction of elevator doors is a premises defect. *See Triangle Motors v. Richmond*, 152 Tex. 354, 358, 258 S.W.2d 60, 63 (1953); *University of Tex. Medical Branch v. Davidson*, 882 S.W.2d 83, 86 (Tex.App.—Houston [14th Dist.] 1994, no writ) (governmental immunity is waived for injury resulting from accident in elevator, because defect in the elevator door was a premises defect). Thus, to recover for his injuries appellant must establish: (1) actual or constructive knowledge of the malfunctioning elevator by appellees; (2) the malfunctioning elevator posed an unreasonable risk of harm; (3) appellees did not exercise reasonable care to reduce or eliminate the risk; and (4) appellees' failure to use such care proximately caused appellant's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Triangle Motors*, 258 S.W.2d at 62.

## Discussion

Appellant complains of the following jury instructions:

"ORDINARY CARE" when used with respect to a manager of a premises, means that degree of care which would be used by a manager of ordinary prudence under the same or similar circumstances.

"NEGLIGENCE" when used with respect to a manager of a premises, means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the manager knows about or in the exercise of ordinary care should know about.

Appellant objected to the above instructions, arguing that Texas law requires owners and operators of elevators to use the "utmost human care" in the operation of elevators. Appellant submitted the following proposed instruction to the trial court:

"Negligence," when used with respect to the conduct of First Office Management, a Division of Equity Property Management Corp. and Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership, an Illinois Limited Partnership, means failure to use a high degree of care, that is, failing to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.

"High degree of care" means that degree of care that would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.

The trial court denied appellant's requested charge.

Appellant's live pleading at trial alleged only a duty of ordinary care. Appellant did not attempt to file a trial amendment to cover his proposed instruction. For an instruction to be proper, it must be supported by pleadings. *See* TEX.R. CIV. P. 278; *European Crossroads'*, 910 S.W.2d at 54. Because appellant did not plead a cause of action against appellees based on a high degree of care, appellant's proposed instruction was not proper.

Further, even if appellant had pleaded a cause of action based on a high degree of care, we conclude the proposed instruction was not a correct statement of the law. Appellant relies on *Farmers' & Mechanics' National Bank v. Hanks*, 104 Tex. 320, 137 S.W. 1120 (1911), to support his position. In *Farmers' & Mechanics'*, the supreme court stated:

[W]hile owners and operators of elevators are not insurers of the safety of their passengers, they are bound to exercise in their behalf the highest degree of skill and foresight, or, as some courts have expressed it, the utmost human care and

foresight consistent with the efficient use and operation of the [elevator].

*Farmers' & Mechanics'*, 137 S.W. at 1125.

Subsequently, the supreme court has determined that the owner/operator of an elevator is under a duty to use reasonable care to make the premises safe for use. *See Triangle Motors*, 258 S.W.2d at 63. Because Texas law no longer imposes a high degree of care on the owner/operator of an elevator, and because appellant's proposed instruction is not supported by his pleadings, we conclude appellant's point of error lacks merit. We overrule point of error one.

In his remaining points of error, appellant challenges the sufficiency of the evidence to support the jury's findings of zero damages. Appellant does not challenge the jury's finding that appellees' negligence, if any, did not proximately cause appellant's injuries. Because we have previously concluded the trial court's instruction about appellees' duty to appellant was proper, and because appellant does not challenge the jury's finding on liability, we need not address damage issues. *See* TEX.R.APP. P. 90(a); *Beatty v. Roper Corp.*, 714 S.W.2d 376, 378 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (because jury finding of no liability dispositive of appeal, no need to address damage issues).

We affirm the trial court's judgment.