**616**

**J. & W. CORPORATION, Appellant,**

v.

**M. A. BALL, Appellee.**

**No. 4484.**

Court of Civil Appeals of Texas.

Waco.

June 9, 1966.

Rehearing Denied June 30, 1966.

Elliott & Nall, Sherman, for appellant.

Charles E. Hughes, Sherman, for appellee.

## OPINION

WILSON, Justice.

Plaintiff recovered judgment from defendant for personal injuries sustained when a truck on defendant's premises, driven by defendant's employee, was backed over his hand. Plaintiff intended to work on the truck fan belt while the driver was repairing a flat tire. The driver desired to raise the truck by backing it over a wooden block in order that a jack could be placed under the axle. Plaintiff volunteered to help, and was injured by the wheels which the driver caused to spin as plaintiff was attempting to place a scotch-block under them.

Jury findings were to the effect that "danger of the truck moving" while plaintiff was attempting to place the block "was open and obvious"; that the driver knew or should have known plaintiff, (found to be an invitee), was in a position of danger, failed to warn him, and failed to keep a proper lookout; that defendant was operating a lift system which was dangerous; that this conduct was negligence proximately causing the accident. Plaintiff was exonerated of specific acts of negligence submitted.

The jury answered that plaintiff assumed the risk of the danger "in attempting to place the wooden blocks next to the truck wheels." In connection with the issue as to whether "danger of the truck moving while attempting to place the blocks under the

truck wheels was open and obvious" the court instructed the jury: "A condition is open and obvious if a person could reasonably expect one situated as was plaintiff to discover and fully appreciate the danger involved in attempting to place the blocks next to the truck wheels." We are not concerned with the grammatical construction of this portion of the charge, although the sentence structure does not simplify our problem.

Defendant argues that because of the jury findings that plaintiff knew and appreciated a danger which was open and obvious, and since plaintiff voluntarily exposed himself to it, he cannot recover, under the decision of Halepeska v. Callihan Interests, Tex., 1963, 371 S.W.2d 368.

■ Plaintiff says he concedes that the jury findings that he exposed himself to the open and obvious danger of defendant's lifting system negatived defendant's duty concerning protection from danger in operation of that system and warning of its existence, because this constituted a static or quiescent condition. The jury findings are that the "danger" of the "truck moving" while he was placing the blocks was "open and obvious"; but under the definition of the latter term, it was the "danger" of "attempting to place the blocks under the truck wheels" which is to be considered. Placing the blocks under the truck wheels is not a "condition" to be encountered under the Halepeska decision; neither is the "danger of the truck moving" as a result of defendant's negligent conduct such a condition. The basis of the "no duty" doctrine relied on by defendant is that the occupier of premises has a duty to keep his premises in a reasonably safe condition or warn if the condition is unsafe unless the plaintiff has, or is charged with knowledge thereof; and if plaintiff has that knowledge so as to exercise an intelligent choice, defendant has no duty to him. The doctrine is simply inapplicable here.

■ Motile conditions or negligent conduct which change the static situation, and which plaintiff is not required to foresee, however, are not affected by those findings, it is urged. We agree. Plaintiff began his attempt to place the scotch-block while the wheels were stopped. Defendant's driver thereafter negligently placed them in motion without watching, looking or warning. There was a new and changed status which plaintiff did not anticipate, appreciate, know or realize under the verdict and the undisputed evidence. The Halepeska no-duty rule does not apply to such a transitional status or condition.

In Hernandez v. Heldenfels, Tex., 1963, 374 S.W.2d 196, 201, the Supreme Court noted that open and obvious dangerous instrumentalities and conditions to which the rule is applicable in invitee cases are generally "static, such as holes and pits in the ground, broken stairways and the like. If such 'conditions' be movable in part, such movement is generally rigidly circumscribed and easily predictable. McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940."

We have considered appellant's other points, including that asserting the award of damages is excessive. They are overruled. Affirmed.