**Carlos D. SAMANIEGO, Jr., Appellant,**

**v.**

**Jesus DeLEON, Appellee.**

**No. 14642.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 27, 1967.

Biery, Biery, Woods & Davis, San Antonio, for appellant.

John R. Taylor, Randle Taylor, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant appeals from a take-nothing judgment rendered after a jury trial in his suit to recover damages from appellee for personal injuries he sustained in a pedestrian automobile accident. The jury found primary negligence against appellee as well as damages in the amount of $4,000, but found, in response to Questions Nos. 6 and 7, that appellant voluntarily placed himself in a hazardous position immediately prior to sustaining his injuries and that such voluntary act was a proximate cause of his injuries. The jury was unable to agree upon other defensive issues and the incomplete verdict was accepted by the court without objection. The trial court overruled appellant's motion to disregard Questions Nos. 6 and 7, and appellant has perfected this appeal under Rule 324, Texas Rules of Civil Procedure, without filing a motion for new trial.

Appellant asserts that the findings to Questions Nos. 6 and 7 do not establish the defense of volenti non fit injuri, in that there is no evidence that appellant knew and appreciated the nature or extent of the danger. See J. & W. Corporation v. Ball, 414 S.W.2d 143 (Tex.Sup.1967). He further urges that these findings do not support the defense of contributory negligence, in that there is no finding of negligence nor any evidence to support such an implied finding by the trial court. Appellee contends that an implied finding of negligence under Rule 279, T.R.C.P., is fully supported by the record.

■ Under the provisions of Rule 279, supra, where some but not all of a cluster of issues necessary to sustain an independent ground of recovery or defense are given and answered by the jury without objection or request, the trial court may make written findings on omitted issues raised by the evidence. If no written findings are made, the omitted issues are deemed to have been found by the court in such manner as to support the judgment. Strauss v. LaMark, 366 S.W.2d 555 (Tex. Sup.1963); Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Dooley, "The Use of Special Issues under the New State and Federal Rules," 20 Tex.Law Rev. 32, 40.

■ This record, when viewed under the "no evidence" test, as required in determining whether appellant's motion to disregard these findings and for judgment non obstante veredicto was properly overruled,[1] fully supports an implied finding by the trial court that appellant's voluntary act in placing himself in a hazardous position was negligence.

The accident was brought about by an unusual situation. Appellee, a soldier home on leave, attempted to locate a girl friend about 10:30 p.m. He had visited the girl on one previous occasion and believed that she could be found at 614 Patton Blvd. No one responded to his knock on the front door at 614 Patton, but appellant's wife heard the noise from their next-door house at 616 Patton. Appellant went outside his house and discovered appellee. Appellant suspected appellee of being a burglar, in that appellant's home had been broken into two or three weeks previously, and he requested appellee to remain until the police arrived. Appellee informed appellant that he was at Camp Polk when the prior incident occurred, that he was home on leave and

---

1. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); Appellate Procedure in Texas, § 8.4(2).

wanted no trouble with the police, appellant or anyone else. Appellee then proceeded to his car, which had been left parked across the street, with appellant following him.

■ Appellee testified that appellant was hitting him on the head while he was trying to start the car. Just before appellee's car started moving appellant was standing near the left front door. The record is not clear how the accident occurred, but after the car started appellant was dragged some 200 feet before the car struck a tree and overturned. Appellee testified that appellant was hitting him with one hand, but was not sure if the other hand was holding the steering wheel. Neither appellee, appellant nor appellant's wife was able to recount how the car dragged appellant. This record supports an implied finding that appellant was negligent in standing too close to this car, knowing that appellee was preparing to drive off.

■ There was no request for written findings of fact by the trial court, although the question of contributory negligence was raised in appellee's reply to appellant's motion to disregard these issues. Appellant did not object to the court's failure to submit an issue on negligence or request such an issue. By overruling appellant's motion to disregard Questions Nos. 6 and 7 and entering the take-nothing judgment, the trial court is presumed to have found that such voluntary act constituted negligence. Rule 279, supra. Such an implied finding is fully supported by this record.

The judgment is affirmed.