Billy W. HOWARD, Appellant,

v.

JACKSON ELECTRIC CO–OPERATIVE, INC., Appellee.

No. 4704.

Court of Civil Appeals of Texas.

Waco.

June 20, 1968.

Rehearing Denied July 11, 1968.

Carl Chase, Utter & Chase, Corpus Christi, for appellant.

Charles Porter, Sorrell, Anderson & Porter, Corpus Christi, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing in a suit for damages for injuries sustained by plaintiff when he came in contact with defendant's electric wire.

Plaintiff Howard was an employee of H. H. Howell, an oil driller. Howell leased the property of DeNeefe for the purpose of storing, parking, and repairing drilling equipment. Defendant maintained a high voltage line across the DeNeefe property, and had an easement across such land since 1940, for such purpose. Plaintiff was repairing a truck attached to a drilling rig; climbed onto the rig; and contacted defendant's electric wire, receiving a severe electrical shock causing injury. Plaintiff sued defendant for damages caused by such injury, alleging defendant negligent, in maintaining the height of the wire, the span, failure to inspect, and failure to warn; and that such negligence proximately caused plaintiff's injuries.

Defendant answered, pleading contributory negligence, no duty, and volenti non fit injuria.

Plaintiff by deposition testified:

"Q. Had you ever parked it (the truck) in there before—?

A. Yes sir.

\* \* \* \* \* \*

Q. All right, so I assume that you knew that these 3 wires were above the truck that day?

A. Yes Sir.

Q. Was there anything that hid these wires from view?

A. No Sir, there wasn't.

Q. The wires were visible to anybody that wanted to look, I take it?

A. I guess so, yes sir.

\* \* \* \* \* \*

Q. \* \* \* but front, most any place there, the wires were open and visible \* \* \*

A. I guess so.

Q. * * * to anyone that cared to work?

A. Yes.

Q. Had you been around electricity before that day?

A. Yes sir.

Q. And wires?

A. Yes sir.

Q. Are you familiar with the fact that electricity is dangerous?

A. Yes sir.

Q. Were you on that day?

A. Yes sir.

* * *"

Defendant moved for summary judgment that plaintiff take nothing, which motion was granted by the trial court.

Plaintiff appeals, contending the trial court erred in granting defendant's motion for summary judgment because:

1) The record reflects evidence which raises issues of fact sufficient to present a prima facie case of negligence on defendant's part.

2) The record does not establish as a matter of law any of defendant's affirmative defenses.

■ Plaintiff was an invitee of the landowner, and assumed the same relationship with the defendant, who is owner of an easement on the premises. Montez v. Bailey County Electric Co-op., Tex.Civ.App., n. r. e., 397 S.W.2d 108, pts. 3 and 4.

■ The duty of an occupier of premises which have an element of danger upon them reaches its vanishing point in the case of those who are cognizant of the full extent of the danger, and voluntarily run the risk. Volenti non fit injuria.

■ Stated differently, the cases say that the occupier owes no duty if the invitee has actual knowledge of the condition, knowledge of the danger, and appreciation of the danger. Scott v. Liebman, Tex., 404 S.W.2d 288, 293; Ellis v. Moore, Tex., 401 S.W.2d 789, 793; Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368.

■ And the requirements for the defense of volenti non fit injuria are: 1) the plaintiff have knowledge of facts constituting a dangerous condition or activity; 2) he knows the condition or activity is dangerous; 3) he appreciates the nature or extent of the danger; 4) he voluntarily exposes himself to this danger. J. & W. Corp. v. Ball, Tex., 414 S.W.2d 143, 146.

■ Here plaintiff testified that he knew the electric wires were there; that he parked the truck below them; that there was nothing to hide the wires from view; that they were visible; that he knew the wires were above the truck; that he had been around electricity before and knew that it was dangerous; and he knew that electricity was dangerous on the day of his injury.

Plaintiff saw the electric lines and realized they were dangerous, yet continued to work on the truck and rig in proximity to the electric lines. We think it undisputed that plaintiff had knowledge of the electric lines and appreciated their danger. The defenses of no duty and volenti non fit injuria are applicable here, and we think the trial court correct in entering summary judgment that plaintiff take nothing.

Montez v. Bailey County Electric Co-op., Tex.Civ.App., n. r. e., 397 S.W.2d 108 is directly in point and to like conclusion.

■ But plaintiff asserts he was not an invitee on the premises, but held a status of a tenant as to defendant. (Plaintiff was an employee of Howell, who rented from DeNeefe. Defendant had an easement over DeNeefe's property). Assuming without deciding that plaintiff did occupy the status of tenant, and defendant the status of landlord, the result is the

same. The electric wires were open, obvious and apparent and plaintiff saw them and knew that they were dangerous. Under such circumstances the landlord is not liable to the tenant or to employees or others entering under the tenant for injuries caused by such defects. The tenant takes the property as he finds it, assuming the risk of apparent defects. Flynn v. Pan American Hotel Co., 143 Tex. 219, 183 S.W.2d 446, 448; Goldstein v. Corrigan, Tex.Civ.App. (n. w. h.), 405 S.W.2d 425, 427.

The judgment is correct. Plaintiff's points and contentions are overruled.

Affirmed.