**F. E. COCKRELL et al., Appellants,**

v.

**LAMB COUNTY ELECTRIC COOPERA-TIVE, INC., Appellee.**

No. 7993.

Court of Civil Appeals of Texas, Amarillo.

June 29, 1970.

Rehearing Denied Aug. 3, 1970.

Huff & Bowers and Broadus A. Spivey, Lubbock, for appellants.

Albert Smith and Beau Boulter, Lubbock, for appellee.

DENTON, Chief Justice.

F. E. Cockrell brought this suit against Lamb County Electric Cooperative, Inc. for personal injuries alleged to have been sustained when he came in contact with the defendant's electrical power lines. Industrial Underwriters Insurance Company intervened as the workmen's compensation carrier. Judgment for the defendant was entered upon the jury verdict.

On July 28, 1965, the Britt Trucking Company was engaged in moving oil field machinery from a site northeast of Levelland, Texas to an area near Rankin, Texas. As the loads to be hauled were in excess of the maximum legal limit, the trucking company had received a permit from the Texas Highway Department to transport this machinery to near Rankin. This permit required the trucks to use State Highway 119. The loading site was about three miles north of Highway 119, and in order to reach the highway the trucks were required to travel over an unpaved country road. It was across this road that the defendant electric company had strung three wires; the bottom wire was an alleged neutral or ground wire and ordinarily carried no electricity, while the two top wires carried 7200 volts.

At approximately 5 p. m. on the date referred to above, a truck owned by Britt and being driven by Dub Hobson passed under defendant's wires striking and breaking the bottom or ground wire. Lamb County Electric, the defendant below, learned of the break and sent a lineman to repair it. The lineman repaired the break on a temporary basis with the intention of returning the next day to make permanent repairs. The lineman did not measure the height of any of the wires to determine whether or not they were below the statutory minimum height required by Articles 1436 and 1436a, Vernon's Ann.Tex.Rev. Civ.St.

About 7 p. m. on the same date, another Britt truck loaded with an oil well substructure and driven by Lenual Kidd approached the point where the defendant's line had previously been broken. Kidd drove his truck up to the lines and as the bottom or ground wire obstructed the passage of the substructure, Kidd ordered Cockrell, the plaintiff below and a "swamper" on the rig, to get on top of the load and hold the wire up with a piece of lumber while Kidd drove the truck underneath the wires. During this maneuver, Cockrell came in contact with one or both of the hot wires and was severely burned.

The jury found: that the defendant maintained a hot wire at a height of less than 22 feet above the traffic lane; that such conduct was negligence and a proximate cause; that the defendant maintained a wire less than 22 feet above the traffic lane; that such conduct was not negligence, but was a proximate cause of the occurrence in question; that the defendant's maintenance of its wires at the height they were constituted a nuisance; that such nuisance was a proximate cause of the occurrence in question; that Cockrell attempted to lift the ground wire over the load in close proximity to one or both of the hot wires, and that such conduct was negligence and a proximate cause; that Cockrell used an uninsulated piece of oil field lumber in attempting to lift the ground wire, and such conduct was negligence and a proximate cause; that Cockrell in assisting in the movement of the load under the ground wire without requesting his driver to seek the assistance of the defendant was negligence and a proximate cause; that there was a danger that Cockrell would come into contact with one of the hot wires; that he knew and appreciated the danger of coming into contact with one of the hot wires, and that he voluntarily exposed himself to this risk; that the occurrence was not an unavoidable accident; and that the prior breaking of the ground wire or the failure of Cockrell's truck driver to request the defendant to cut off the power on the hot wires were not the sole proximate cause of the occurrence; and the awarding of substantial damages.

The trial court overruled the plaintiff's motion for judgment on the verdict and its motion for judgment non obstante veredicto and entered judgment for the defendant.

The appellant first takes the position it is entitled to judgment upon the entry finding of nuisance, and that such nuisance was a proximate cause of appellant's injuries, contending that contributory negligence or the assumption of risk on the part of the appellant is not a defense to the finding of nuisance.

The jury found, and there is evidence to support the finding, that appellee maintained the transmission lines or hot wires at a height of less then 22 feet above the road in violation of Article 1436a, V.A.C.S. Such conduct was found to be negligence and a proximate cause of the occurrence in question. As indicated, the jury further found the maintenance of the wires at such a height constituted a nuisance. In support of its contention that the maintenance of the wires below the prescribed height constituted a nuisance, and that the maintenance of such a condition renders appellee absolutely liable, appellant relies chiefly on Jacksonville Ice and Electric Company v. Moses, 63 Tex.Civ.App. 496, 134 S.W. 379 (Er. ref.). That case is not controlling here. The case arose prior to enactment of Articles 1435, 1436 and 1436a, which authorized the electric power companies to suspend their wires "over and across" public ways, subject to the provisions of the respective articles. No such authority to suspend utility wires across public ways existed by statute or otherwise at the time the Jacksonville case arose. Incorporated Town of Hempstead v. Gulf States Utilities Company, 146 Tex. 250, 206 S.W.2d 227.

■ Clearly, negligence is the gist of the cause of action for which appellants seek damages. Texas-Louisiana Power Company v. Webster et al., 127 Tex. 126, 91 S.W.2d 302; Olivas v. El Paso Electric Company (Tex.Civ.App.) 38 S.W.2d 165 (N.W.H.); Jezek v. Texas Power and Light Company (Tex.Civ.App.) 282 S.W.2d 112 (Ref. n. r. e.); West Texas Utilities Company v. Harris (Tex.Civ.App.) 231 S.W.2d 558 (Ref. n. r. e.).

■ Having decided appellant's cause of action is grounded on negligence, it follows that recovery is barred by contribu-

tory negligence or volenti non fit injuria. Contributory negligence and the defense of volenti were pleaded and submitted to the jury. It is established that the legal requirements of the defense of volenti are: (1) the plaintiff has knowledge of facts constituting a dangerous condition or activity, (2) he knows the condition or activity is dangerous, (3) he appreciates the extent of the danger, (4) he voluntarily exposes himself to this danger. J & W Corporation v. Ball, 414 S.W.2d 143 (Tex.Sup. Ct.). Halepeska et al. v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.Ct.). The jury found Cockrell knew and appreciated the danger of coming into contact with one of the hot wires; and that he voluntarily exposed himself to this danger. Cockrell testified he was fully aware of the danger involved in raising the transmission lines in order to move the load underneath. He had raised transmission lines under similar loads on previous occasions and stated, "I knew I had to be careful." The record clearly established the actual knowledge and appreciation by Cockrell, and that he voluntarily assumed the risk. We think the record clearly invokes the defense of volenti non fit injuria.

■ Appellant next asserts error in the trial court submitting the special issue inquiring if the defendant maintained "any wire" below the height of 22 feet, along with the component issues of negligence and proximate cause; and for not disregarding the jury's answers thereto. In response to another special issue, the jury found the defendant had maintained a "hot wire" below the height of 22 feet, and that such conduct was negligence and proximate cause of the occurrence in question. We fail to see the materiality of the issue inquiring if "any wire" was below the prescribed height. The issue was obviously referring to the third wire or ground wire, which was admittedly below 22 feet above the surface. It is not controverted this wire was approximately 18 feet above the surface and was in compliance with the National Electrical Safety Code and statutes.

■ Appellant further contends there was error in submitting Special Issues 4, 5 and 6 and their component parts relating to the alleged acts of contributory negligence on the part of Cockrell and in not disregarding the answers to these special issues. In view of the finding that Cockrell had actual knowledge and appreciation of the danger and voluntarily exposed himself to the risk, the submission and findings of contributory negligence are immaterial and not prejudicial to the appellant. Rule 279, Texas Rules of Civil Procedure. Martin v. Jenkins (Tex.Civ.App.) 381 S. W.2d 115 (Ref. n. r. e.), Tex., 384 S.W.2d 123; Webb v. City of Lubbock (Tex.Civ. App.) 380 S.W.2d 135 (Ref. n. r. e.).

■ Appellant next complains of the trial court's refusal to submit certain requested instructions dealing with the required continuous inspection of the defendant's transmission wires; the high degree of care required in the maintenance of such wires; and the court's refusal to instruct the jury in the language of Articles 1436 and 1436a, T.R.C.S. The appellant failed to request in writing and tender to the trial court the instructions here complained of. The trial court's failure to submit the requested instructions under the circumstances was not error. Rule 279, T.R.C.P. Yellow Cab & Baggage Company v. Green, 154 Tex. 330, 277 S.W.2d 92; Alamo Express, Inc. v. Railroad Commission of Texas et al. (Tex.Sup.Ct.) 407 S.W.2d 479.

We have carefully reviewed all of appellant's points of error and conclude none of them present reversible error.

The judgment of the trial court is affirmed.