HILLMAN–KELLEY, Appellant,

v.

Bill PITTMAN and Texas Employers' Insurance Association, Appellees.

No. 6268.

Court of Civil Appeals of Texas, El Paso.

Dec. 27, 1972.

Stubbeman, McRae, Sealy, Laughlin & Browder, Charles Tighe, Midland, for appellant.

Thomas A. Sneed, Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Odessa, for appellees.

## OPINION

WARD, Justice.

Judgment was entered in the trial Court upon a special issue submission verdict in favor of the Plaintiff, Bill Pittman, and the Intervenor, Texas Employers' Insurance Association, for personal injuries sustained by the Plaintiff. The Defendant was Hillman-Kelley, which manufactured and supplied the power tong used by the Plaintiff at the time of the accident. The judgment of the trial Court is reversed and rendered.

On November 15, 1965, Bill Pittman was injured in the course of his employment for Red's Casing Crew in Pecos County, when a power tong used by him kicked back and struck him in his back, knocking him off of a bench into the draw works of a drilling rig. The jury found the Defendant, Hillman-Kelley, negligent in certain particulars, each of which was a proximate cause of the Plaintiff's injuries and damages. These issues were to the effect that (1) the tongs supplied by the Defendant for the Plaintiff's use were dangerous if operated in high gear, and the Defendant

had failed to warn the Plaintiff that the tongs were dangerous if operated in high gear, which failure was negligence and a proximate cause; (4) the Defendant supplied the power tongs which were defective in that they used dies that were susceptible to slipping, which was negligence and a proximate cause; (7) the Defendant manufactured the power tongs which were defective in that they would not release properly when reversed, which was negligence and a proximate cause; (18) the power tongs involved in the accident were a dangerous instrumentality, the Defendant knew or should have known in the exercise of ordinary care that they were a dangerous instrumentality, and that supplying of tongs in that condition was a proximate cause of the Plaintiff's injuries and damages.

The grounds of contributory negligence submitted by the Court were found in the Plaintiff's favor and the damage issued was answered in the sum of $37,500.00. The issues and answers by the jury of importance to this appeal are the following:

"SPECIAL ISSUE NO. 22

Do you find from a preponderance of the evidence, if any, that immediately before the accident in question the plaintiff, W. C. Pittman, was in a position of danger, if any?

Answer 'Yes' or 'No'.

To which the jury answered 'Yes'.

If you have answered the foregoing Special Issue 'Yes' and only in such event, then answer the following:

SPECIAL ISSUE NO. 23

Do you find from a preponderance of the evidence, if any, that the plaintiff knew and appreciated the danger, if any?
Answer 'Yes' or 'No'.

To which the jury answered 'Yes'.

If you have answered the foregoing issue 'Yes', and only in such event, then answer the following:

SPECIAL ISSUE NO. 24

Do you find from a preponderance of the evidence, if any, that the plaintiff, W. C. Pittman, voluntarily exposed himself to the danger, if any?

Answer 'Yes' or 'No'.

To which the jury answered 'Yes'."

The judgment of the trial Court in favor of the Plaintiff disregarded the jury's answers to these Special Issues 22, 23 and 24.

Appellant's points 1 through 9 are concerned with the defense of "volenti non fit injuria" and relate to the evidentiary basis sustaining the submission of the defense and the jury findings thereon and whether or not the trial Court had any procedural basis by which it could disregard the jury's findings on these issues.

It is of significance and decisive to this appeal that the Appellee in his brief chooses to ignore the Appellant's statement of evidence and argument to these first nine points except by a general assertion that the affirmative defense of volenti non fit injuria was not properly submitted to the jury and that the issues are so vague and indefinite that they could not form the basis of any judgment. These assertions by the Plaintiff are made in the face of the record, which disclose no proper objections having been made by the Plaintiff nor complaint in any form having been preserved by the Plaintiff to these defensive issues.

As stated, the Plaintiff sustained his injuries when using a hydraulic power tong on a drilling rig while in the employ of Red's Casing Crew. The power tong is quite large, weighing approximately 500 lbs., and the purpose of the tong is to rotate pipe. The tong is hung in the derrick, suspended by a cable, and the handle of the tong is attached to the derrick leg with a "snub" line. The snub line permits the

tong to turn to a certain position when it is engaged but keeps the tong from turning too far as it rotates around the pipe in the hole. The gripping mechanism, or jaws, consist of dies that surround the pipe and grip it when the tong is engaged.

The unchallenged statements made by the Appellant in its original brief are accepted by us as correct under the direction of Rule 419, Texas Rules of Civil Procedure. These facts disclose that the Plaintiff had worked as a casing puller and was familiar with tongs, such as involved here, for many years. He knew how to operate them and didn't need any instructions when he went on this job. He also testified that all power tongs have a lot of movement in them and will kick back when they reach the end of the snub line and that all tongs have a tendency to kick. He further testified that there was nothing wrong with the tong involved in this suit, but that the problem was with the dies or gripping mechanism and that the dies would not hold properly, they would hold, then turn loose, and this would allow the tong to kick and come back. Mr. Pittman had operated the same kind of tong, with the same dies, on an earlier job, and at that time the tong gave trouble by kicking back because the dies were slipping. He testified that when he went on this job and saw the Hillman-Kelley tong, and the dies, that he knew he was in for a "tough time"; that he knew it was going to be dangerous, but he went ahead and did the job.

Some time prior to the accident, the drilling crew had started running drill pipe into the hole. The manner in which this particular operation was performed required that the tong be raised up to about 4 to 4½ feet off the rig floor. Pittman secured a 2 foot high bench to stand on to operate the tongs, and shortly after getting up on the bench the accident occurred when the tong kicked back and hit him on the right side and knocked him off the bench. The backward motion, or kick, of the tongs came when it hit the end of the snub line.

█ The above is pointed out to illustrate that the evidence was present in the case to compel a submission of the volenti defense. The Texas Supreme Court has stated that the doctrine is a subjective one concerned with the individual plaintiff. A determination of what a particular person knew, appreciated or understood is peculiarly within the province of the jury. Wyly v. Burlington Industries, Inc., 452 F.2d 807 (5th Cir. 1971). The admissions of the Plaintiff contained in the evidence to the effect that these tongs were effectively kicking and bucking at him in the operation, together with his conscious knowledge that he would operate them on a bench 2 feet above the floor, compels the submission to the jury the questions that he consciously and subjectively, voluntarily and of his own free will, encountered the danger, causing his injuries. With a bucking machine, such as this, any normal person would know that he might be knocked off the bench and in danger of injury in such a fall. See facts: Greenwood v. Lowe Chemical Company, 428 S.W.2d 358 (Tex.Civ.App.—Houston (14th Dist.) 1968) reversed in 433 S.W.2d 695 (Tex.Sup. 1968).

█ The elements for the affirmative defense are listed in J. & W. Corporation v. Ball, 414 S.W.2d 143 (Tex.Sup.1967), as follows:

·"The requirements for such a defense are (1) the plaintiff has knowledge of facts constituting a dangerous condition or activity; (2) he knows the condition or activity is dangerous; (3) he appreciates the nature or extent of the danger; and (4) he voluntarily exposes himself to this danger."

The basis of the doctrine has been set forth in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963) to the effect

"that a person may not recover for an injury received when he voluntarily ex-

poses himself to a known and appreciated danger. In this state, the decision to incur the risk must have been deliberate; i. e., made with knowledge and appreciation of the danger so that it may be said that the person acted as a result of an intelligent choice."

There was no basis present to disregard the issues.

■■ It is recognized that the doctrine is a harsh one and that there should be a conscious attempt at all times to keep it within justifiable limits. One reasonable limitation to the doctrine is expressed in Rabb v. Coleman, 469 S.W.2d 384 (Tex. Sup.1971):

"The success of the volenti defense in Texas cases has turned on whether or not it was established that the plaintiff knew he was exposing himself to the danger which in fact caused him harm."

The Plaintiff's complaint is that the issues as framed are vague and indefinite or too general. With such an objection to the issues as submitted, the objection being properly preserved, a reversal of the case would be in order. The issues are much more general than those which the Supreme Court divided over in Rabb v. Coleman, supra. It is not enough that an injured party knows that he is in a hazardous or dangerous undertaking. The burden is placed on the Defendant to show that the injured party knew and appreciated the specific danger involved, which caused him harm. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953); Wood v. Kane Boiler Works, Inc., 150 Tex. 191, 238 S.W.2d 172 (1951); Cantrell v. Markham & Brown Company & Associates, 452 S.W.2d 940 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). Undoubtedly the correct submission must therefore be limited to the specific danger either in the form of separate issues or in the form recently suggested in

Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972).

■ All of this brings us to the proper disposition of this case on appeal. The issues, as submitted, stand unchallenged. They were submitted in the form raised by the Defendant's pleadings to which no exception was levied. The jury returned its verdict in October, 1969. Judgment was not entered until November, 1971. There appears in the transcript an instrument designated as Plaintiff's Exceptions to the Court's Charge which was filed with the clerk in February, 1972, and is only signed by the Plaintiff's attorney. It does contain purported objections to the three issues to the effect that they are global and do not specify the danger which the Plaintiff might have been in prior to the accident. The record does not show anywhere that such objections were presented to the trial judge for his consideration so that he could endorse his ruling and official signature thereon. In the absence of proper compliance with Rule 272, T.R.C.P., objections to the charge, if any, are not preserved for appellate review. Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.— San Antonio 1968, writ ref'd n. r. e.). The error in the charge is waived if proper objection is not made. Rule 274, T.R.C.P.

■ We conclude that the trial Court was in error in disregarding the Defendant's volenti special issues as there was sufficient evidence to support the findings and therefore judgment should have been entered for the Defendant. Errors of the defensive issues were not preserved. Therefore, we cannot remand the case for a new trial under the terms of Rule 324, T.R.C.P.; 4 McDonald, Texas Civil Practice, Sec. 18.04.4. Appellant's points 1 through 9 are sustained. The balance of the points are not considered.

The judgment of the trial Court is reversed and rendered.