**Edelmira Legarreta de URIAS, Plaintiff-Appellee,**

v.

**EL PASO CITY LINES, Defendant-Appellant.**

No. 72–3507

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 18, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Schuyler B. Marshall, James L. Gallagher, El Paso, Tex., for defendant-appellant.

Ben A. Endlich, D. Clark Hughes, El Paso, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

■ Mrs. Urias was injured when she was pinned between an iron fence surrounding a reboarding area at the international border and a streetcar operated by El Paso City Lines [El Paso]. The trial judge found that El Paso was negligent in that it made no effort to ensure that transit system passengers used the gate provided for their safe passage, even though it knew that sixty percent of its passengers followed the hazardous path between the fence and the streetcar tracks. While the court correctly submitted the question of the plaintiff's contributory negligence to the jury, which returned a verdict in favor of Mrs. Urias, it erred in refusing to also submit the defendant's requested *volenti* issue to the jury; thus we must vacate and remand for a new trial.

There was sufficient evidence from which the jury could have concluded that Mrs. Urias knew of the danger, appreciated its nature and extent, and nevertheless voluntarily encountered the risk. Though Mrs. Urias testified that she did not hear or see the streetcar, there was ample evidence from which the jury could conclude that, in spite of her denial, she knew of the proximity of the streetcar to the fence. According to El Paso's witnesses, the streetcar was moving toward the reboarding area at a slow rate of speed, with its bell clearly ringing. Further, the movement of the streetcar made a substantial amount of noise. Other passengers heard the streetcar approaching and stepped back. The front end of the streetcar had already passed the fence into the reboarding area when the plaintiff suddenly seemed to rush or hurry through the small opening between the end of the fence and the streetcar. In sum, the testimony presented a jury question as to whether Mrs. Urias was aware of the oncoming streetcar but unsuccessfully attempted to beat it.

■ Texas law is well settled that the defense of contributory negligence and *volenti non fit injuria* are two independent and separate legal theories, either of which constitutes a defense to a negligence action. *See* J & W Corp. v. Ball, 414 S.W.2d 143 (Tex.1967); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Messick v. General Motors Corp., 460 F.2d 485 (5th Cir. 1972). Under the facts of this case the defendant was entitled to have not one but both of these issues submitted to the jury.

Moreover, we are unable to say that reasonable men considering all of the evidence in the case could have drawn no conclusion other than that of the defendant's negligence. Boeing v. Shipman, 411 F.2d 365 (5th Cir. 1969). A lengthy recital of the facts is unnecessary. Suffice it to say that an examination of the record in this case demonstrates that, as in most negligence

cases, the question was one for the jury. See Taylor v. Bair, 414 F.2d 815 (5th Cir. 1969). Should the evidence be substantially similar on retrial the issue should be submitted for jury determination.

Vacated and remanded.