**LONE STAR GAS COMPANY,**
**Appellant,**

v.

**Arnita Jean ROACH et al., Appellees.**

**No. 5685.**

Court of Civil Appeals of Texas, Waco.

May 12, 1977.

Rehearing Denied June 16, 1977.

Joe N. McClendon, Jack Pew, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Jerry L. Calhoon, McDonald, Calhoon & Kolstad, Palestine, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Lone Star Gas Company from judgment of $108,400. rendered against it in favor of plaintiffs (widow, children, mother and Estate of Herbert Roach) in a wrongful death action. Roach's death was caused by the explosion during a test being conducted by defendant of certain gas well equipment belonging to Roach's employer.

Plaintiffs sued defendant Lone Star Gas Company, alleging Herbert Roach was killed June 19, 1973 in an explosion at the site of a gas well in Leon County; that the explosion occurred while Lone Star was conducting a test on a pop-off valve; that the explosion was proximately caused by the negligence of Lone Star's employees while in the course and scope of their employment; that this suit is brought under the Wrongful Death Statute and under the Survival Statute of Texas; and prayed for $501,410. damages.

Texas Employers Insurance Association intervened asking subrogation to plaintiffs' cause of action to amounts it had paid in Workmen's Compensation benefits on account of the death of deceased.

Trial was to a jury which found:

1) On the occasion in question Ed Wilson was negligent in failing to remove the pop-off valve for purposes of testing, and in failing to use the hydraulic equipment for testing; and such negligence was a proximate cause of the occurrence.

2) Ed Wilson was an employee of Lone Star Gas Company in the course and scope of his employment.

6) Roach was not negligent in failing to remove the relief valve from the separator for it to be tested.

8) 9) 10) Arnita Roach was damaged $36,000.; Barry Roach was damaged $20,000.; Herbert Roach wad damaged $50,000.; Hazel Roach was damaged $1,000.

The trial court overruled defendant's motion for judgment N.O.V., and upon the jury's verdict (plus a stipulated amount for funeral expenses) rendered judgment for plaintiffs and intervenor for $108,400.

Defendant Lone Star Gas appeals on 16 points contending:

1) There is no evidence and/or insufficient evidence to support the jury's findings of negligence against Lone Star Gas.

2) There is no evidence and/or insufficient evidence to support the jury's findings of proximate cause against Lone Star Gas.

3) The undisputed evidence and great weight and preponderance of the evidence was the accident was proximately caused by Roach's contributory negligence in failing to take the pop-off valve off the separator for testing.

4) There are prejudicial evidentiary errors committed by the trial court.

The jury found that on the occasion in question Ed Wilson was negligent in failing to remove the pop-off valve and failing to use the hydraulic equipment in testing.

Herbert Roach, an employee of Lone Star Producing Company, was killed when struck by a part of a "drip pot" when such "drip pot" exploded at a pressure of 740 lbs per square inch. The drip pot was located on the site of Producing's A. G. Hill No. 1 gas well in Leon County and was owned by Producing. Producing sells gas produced at the well to Lone Star Gas Company. Ed Wilson an employee of Lone Star Gas had gone to the site of Hill No. 1 well for the purpose of complying with instructions in a memorandum from one of his superiors at

Lone Star Gas. This memorandum, directed defendant's employee to speed up "testing of all purchase point relief valves (the pop-off valve). These are to be completed by June 30, 1973 * * *. They must be completed by the deadline".

A schematic diagram of the well hookup follows:

EXHIBIT

Roach was standing at the separator near the pop-off valve being tested when the drip pot blew up at 740 lbs pressure decapitating him. The normal well pressure of 500-600 lbs was being increased by Wilson to 750 lbs to test the pop-off valve. The same pressure was upon the drip pot as upon the pop-off valve.

The author of the memorandum, Ted Williams, testified that he meant by the memorandum to put the responsibility for the testing on his subordinates (here Ed Wilson); and that he had arranged for Wilson to have a portable hydraulic pump for use in making the test. Witness Burnett, a supervisor of Roach's employer testified it was not Roach's responsibility to test and set the pop-off valves. Wilson testified he gave directions during the test. Earlier in the day Wilson accompanied by Roach had tested another well—by taking the pop-off device off of the separation and testing it with the hydraulic hand pump. Wilson on the occasion of the accident was testing the pop-off valve, leaving it on the separator, and utilizing pipe line pressure to accomplish the test. The pressure was too great for the drip pot, which was located on the same pressure line, it blew up and killed Roach. The pop-off valve could have been removed from the separator and tested with the hydraulic pump in a totally safe manner.

The evidence reflects the test was called for by defendant; that defendant's employee conducted the test; that he had a safe manner in which to conduct the test, but instead chose to conduct it with the gas line pressure.

■ Defendant contends Lone Star owed plaintiff no duty because Lone Star did not own the equipment and same were under the control of Roach's employer. We reject such contention. Lone Star undertook to test the pop-off valve, and consequently owed a duty to Roach. *Coleman v. Hudson Gas & Oil Corp.*, Tex., 455 S.W.2d 701.

Wilson, Lone Star's employee, created the danger by increasing the already high pressure of the well head in order to test the pop-off valve (at Lone Star's command). He could have removed the pop-off valve and in complete safety tested it with the hydraulic pump which had been furnished for the very purpose of conducting this test. He tested a pop-off valve earlier the same day by removing it and using the hydraulic pump.

■ The evidence is ample to sustain the jury's finding that Wilson was negligent in failing to remove the pop-off valve and then not use the hydraulic pump to test it.

**196**

Defendant contends there is no evidence and/or insufficient evidence that Ed Wilson's negligence was a proximate cause of Roach's death; and that Wilson could not be expected to foresee the drip pot would come apart if 750 lbs of pressure were applied to it. Wilson could see the drip pot was subject to pressure on the line; Wilson increased pressure on the line 25% to 50% higher than its normal operating range to make the test; safety precautions were violated in not removing the pop-off valve and testing with the hydraulic pump. The jury was authorized to believe and find that Wilson's negligence was a proximate cause of Roach's death, and that it was foreseeable that increasing the line pressure could cause a blow out and harm to Roach.

The jury found that Roach was not negligent in failing to remove the pop-off valve from the separator for it to be tested.

The testing was conducted by Lone Star Gas for its own purposes and by its own employee Ed Wilson. The witness Burnett a supervisor of Roach's employer testified it was not a part of Roach's authority to adjust the pop-off valve on the separator. It is true Wilson testified that Roach was actually conducting the testing when he was killed. But the jury apparently did not believe Wilson. He was an interested witness and his credibility and the weight to be given his testimony was within the province of the jury. *Naylor v. Gutteridge*, Tex.Civ.App. (Austin) NRE, 430 S.W.2d 726.

The finding of the jury acquitting Roach of contributory negligence is not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Defendant further complains of two asserted prejudicial evidentiary errors. These complains are without merit.

All defendant's points and contentions are overruled.

AFFIRMED.