Mr. and Mrs. J. E. CHILTON, Appellant,

v.

PIONEER NATIONAL TITLE INSURANCE COMPANY, Appellee.

No. 5722.

Court of Civil Appeals of Texas, Waco.

June 30, 1977.

Rehearing Denied Aug. 18, 1977.

Kelly D. McGehee, Kelly D. McGehee, Inc., Dallas, for appellant.

Tedford E. Kimbell, Allen, Knuths, Bracken & Short, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Chilton from that portion of a judgment, rendered on directed verdict, that plaintiffs take nothing in their suit for return of earnest money, against defendant Pioneer Title Company.

Plaintiffs Chilton sued defendants Bentwood Corporation and Pioneer Title for a return of plaintiffs' earnest money deposit and damages, alleging (among other matters) that plaintiffs contracted in writing on May 21, 1974 to buy a house from Bentwood for $125,000.; that they delivered two $5,000. checks (payable to Bentwood at Bentwood's request) to Bentwood as earnest money to be deposited in escrow with Pioneer; that Bentwood cashed plaintiffs' checks and about June 6, 1974 delivered two $5,000. checks on Bentwood to Pioneer; that closing was contracted for August 1, 1974; that plaintiffs in early July became concerned (the building was not on schedule and Bentwood had not arranged a loan); and inquired of Pioneer about the matter; that Ms. Doak, Senior Escrow Officer, advised plaintiffs that Pioneer had received the money and had opened an escrow account in the name of Bentwood and plaintiffs; that on July 8, plaintiffs (still concerned) retained an attorney who contacted Pioneer and demanded return of plaintiffs' escrow account by letter; that on July 30 plaintiffs' attorney went to Pioneer's office and was advised Pioneer had never cashed Bentwood's checks for the $10,000.; that Pioneer thereafter negotiated such checks which were returned NSF.

Plaintiff alleged Pioneer agreed to serve as an escrow agent pursuant to the contract and/or there was an express or implied contract between Pioneer and plaintiffs whereby Pioneer agreed to serve as stakeholder for the parties; that the residence was not completed on August 1, 1974; that Pioneer breached the escrow and stakeholder's contract when it failed to return plaintiffs' earnest money.

Plaintiffs further alleged Pioneer breached its fiduciary responsibility to plaintiffs, and was negligent: 1) In agreeing to hold and not cash Bentwood's checks for the earnest money without consent of both parties; 2) In failing to cash such earnest money checks regardless of Bentwood's instructions; 3) In failing to notify plaintiffs of Bentwood's instruction not to cash the earnest money checks; 4) In failing to notify plaintiffs Pioneer had only unnegotiated checks instead of actual money in the escrow account.

Plaintiffs (among other matters) prayed for judgment for return of its earnest money against both Bentwood and Pioneer.

Trial was to a jury. At close of the evidence the trial court rendered directed verdict for plaintiffs for $10,000. against Bentwood; and rendered directed verdict plaintiffs take nothing as to Pioneer. Judgment was rendered accordingly.

Plaintiffs appeal on 9 points asserting among other matters the trial court erred in sustaining Pioneer's motion for directed verdict in that there was a fact issue for submission to the jury: 1) as to breach of an escrow contract by Pioneer; 2) as to breach of an expressed or implied stakeholder's contract by Pioneer; 3) as to breach of an express or implied trust by Pioneer; 4) as to negligence by Pioneer.

■ In determining the correctness of a directed verdict we must consider only evidence favorable to plaintiffs, together with all reasonable inferences therefrom. *Triangle Motors of Dallas v. Richmond*, 152 Tex. 354, 258 S.W.2d 60; *Anderson v. Moore*, Tex., 448 S.W.2d 105; *Joseph v. Jet Air Freight Corp.*, Tex.Civ.App. (Waco) NRE, 479 S.W.2d 325.

Pioneer asserts that there was no escrow stakeholder contract or trust between it and plaintiffs as Pioneer never received any money from plaintiffs; that it received Bentwood's checks for the $10,000.; that the contract called for $12,500. earnest money; that it received Bentwood's checks conditionally i. e. that they not be cashed.

Pioneer asserts that it owed no duty to plaintiffs, therefore it is not liable for any negligence.

There is in evidence the contract signed by plaintiffs and Bentwood. It is denominated a "Contract of Sale and Receipt of Earnest Money", was on a form supplied by Pioneer and provides Bentwood will sell plaintiffs a described house in Dallas. "The purchase price is $125,000. payable as follows: $12,500. in cash to be deposited by purchaser in escrow with Pioneer National Title Insurance Company as partial payment and as earnest money, which deposit is to be made contemporaneously with the execution of this agreement and the balance of said purchase price, to wit: A. $12,500. is to be paid in cash [at closing] B. $100,000. loan to be applied for at expense of Purchaser * * *.

"Closing of this transaction shall take place * * at office of Pioneer National Title Insurance Company at Dallas on or before 1st of August, 1974."

Plaintiffs' two checks for $5,000. each payable to Bentwood Corporation are in evidence.

Bentwood's two checks for $5,000. each payable to Pioneer National Title Company are in evidence, and both state on the front *"Escrow on purchase of 6212 Emeraldwood Place by Chilton from Bentwood"*.

There is in evidence an "Escrow Settlement Sheet" prepared by Pioneer which reflects "Seller/Purchaser, Bentwood/Chilton, date 7/30," * * "Received of Bentwood * * $10,000". * * "Disbursements J. E. Chilton void 7/31/74 $10,000".

Ms. Doak, Pioneer's Senior Escrow Officer testified she received the contract and the two $5,000. checks from Bentwood (marked escrow payment) on about June 6, 1974, but didn't cash them because Bentwood told her not to. She further testified she did not have instructions from both parties not to cash the checks, nor did the contract call for not cashing the checks, and that both checks were marked "escrow payment".

Mr. Chilton testified he called Ms. Doak in early July and she told him she had the contract and the money. She testified she told him she had the contract and the two checks, but did not tell him the two checks had never been cashed.

It was only on July 30 that plaintiffs' attorney learned Pioneer had not cashed the two checks.

It is in evidence that the normal practice of Pioneer and other title companies who serve as escrow agents is to cash escrow checks immediately, and that they could only be not cashed on instructions of both parties to the seller/buyer contract.

■ Under the authorities cited we think there was evidence from which a jury could find that Pioneer was in escrow or stakeholder relationship with plaintiffs and Bentwood, and that Pioneer had breached such escrow and/or stakeholder contract as well as breached an express or implied trust.

We further think the evidence raises fact questions as to negligence by Pioneer in not cashing Bentwood's checks and in not advising plaintiffs that such checks were not cashed; and that Pioneer did owe a duty to plaintiffs. Pioneer accepted physical custody of the contract naming it as escrow agent; it received the checks; it prepared the escrow settlement sheet; it stated it held the contract and the money; was advising with both parties; and in short it undertook to act in an escrow relationship with the parties including plaintiffs. When it undertook to act it owed a duty to plaintiffs. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508; *Coleman v. Hudson Gas and Oil Corp.,* Tex., 455 S.W.2d 701; *Lone Star Gas Co. v. Roach,* Tex.Civ.App. (Waco) 552 S.W.2d 193.

The directed verdict was improper. Plaintiffs' contentions supra are sustained.

REVERSED & REMANDED.