Steven W. **WILSON**, et ux, Appellants,

v.

**CARVER FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Appellees.**

No. 09–88–261 CV.

Court of Appeals of Texas, Beaumont.

June 29, 1989.

Rehearing of Appellee Overruled July 24, 1989.

Damon R. Capps, Houston, for appellants.

Thomas L. Hunt, Houston, for appellees.

---

**2.** Federal, of course, is deemed to have made an appearance. *TEX.R.CIV.P. 123.*

## OPINION

BURGESS, Justice.

This is an appeal from a summary judgment. Mr. and Mrs. Wilson sued appellees and others arising from misinformation received concerning the amount of their monthly mortgage payment.

 The uncontroverted facts show that the Wilsons were given information by a title company employee that the yearly taxes were approximately $590.00 when in fact they were in excess of $4,000.00. At summary judgment, appellees submitted a copy of an earnest money contract, signed by the Wilsons, designating the title company as the escrow agent. Appellees argued that if the title company was the Wilson's agent, then any negligence or knowledge on the title company's part was imputed to the Wilsons. The Wilsons submitted affidavits stating they had not chosen the title company and the title company was not their agent. We believe this is a fact question to be determined.

Appellees rely upon *Campbell v. Barber,* 272 S.W.2d 750 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.), for the proposition that an escrow agent "is the agent of all parties." What the case stands for is an escrow agent is the "escrow agent" for all parties. The court recognizes a distinction between "agent" and "escrow agent" when they state, at 753:

> "In addition to the Continental National Bank being the designated agent of appellant, we think the facts show that the Continental National Bank was the escrow agent of the parties. An escrow ' "is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain

event, and then to be delivered over to the grantee, promisee, or obligee." ' "

 The escrow relationship is a stakeholder relationship which carries special duties. *See Chilton v. Pioneer National Title Insurance Co.,* 554 S.W.2d 246, 248 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). While there is no fact issue concerning the title company's escrow relationship, there is a fact issue whether the title company was the Wilsons' agent for other purposes, including gathering the closing information.[1] It was appellees' burden to show there were no genuine issues of material fact.[2] Since they have not carried their burden, the summary judgment must be reversed.

REVERSED.

---

1. There may be other fact issues concerning other allegations, but we need not determine those.

2. Actually appellees argued below that the Wilsons' pleadings did not state a cause of action

due to appellees' characterization of "agent." The proper method of attacking the sufficiency of pleadings is by special exceptions, rather than summary judgment. *Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983).